# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | }<br>}<br>} |
| **Plaintiff,** | } **CIVIL ACTION NO.** 7:23-cv-100<br>}<br>} |
| v. | }<br>} **COMPLAINT**<br>} |
| **LIBERTY ENERGY, INC. d/b/a LIBERTY OILFIELD SERVICES, L.L.C.,** | }<br>}<br>} **JURY TRIAL DEMANDED** |
| **Defendants.** | }<br>}<br>} |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or national origin and to provide appropriate relief to Carrington Thomas, Ricardo Barron, and Felix Santos. As alleged with greater particularity in paragraphs 11-16 below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, Liberty Energy, Inc. d/b/a Liberty Oilfield Services, L.L.C. ("Defendant"), discriminated against Thomas because of his race (Black) in violation of Title VII by subjecting him to a hostile work environment, resulting in his constructive discharge. EEOC also alleges that Defendant discriminated against two Hispanic employees, Santos and Barron, because of their race and/or national origin in violation of Title VII by also subjecting them to a hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Midland-Odessa Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Odessa and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Carrington Thomas filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On March 8, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to seek to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On March 21, 2023, the Commission determined and communicated to Defendant that it was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least March 2018, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) at its Odessa, Texas location.

12. Carrington Thomas worked as a Maintenance Mechanic at Defendant's Odessa, Texas location beginning in approximately September 2018. On approximately November 7, 2018, one of Thomas's White coworkers engaged in racist taunting and name-calling, including the use of the N-word, toward Thomas. Thomas immediately reported the offensive remarks to a supervisor; however, neither the supervisor nor anyone else in a supervisory or management position with the Defendant engaged in a reasonably effective response, investigation or corrective action to address the complaint.

13. Thomas frequently witnessed his coworkers refer to Hispanic employees in derogatory terms such as "spic" and "beaner." He heard White coworkers refer to a desire to keep "these Mexicans out of America." Thomas also observed a fellow Black worker being

subjected to a humiliating "prank" at work in front of other employees. A coworker of Thomas, Felix Santos, witnessed Thomas frequently being referred to with an N-word at morning safety meetings. Santos also heard White coworkers exhibiting prejudice and offensive characterizations such as remarking that Thomas might steal a coworker's fried chicken and that "they (referring to Black workers) should just get their food stamps and go home." Ricardo Barron, another coworker of Thomas, witnessed a White mechanic remark that he did not want to work with a Black employee that he referred to as "that dumb n-----."

14. Thomas reported the racist remarks and the humiliating prank he witnessed with respect to his Black coworker to members of management, including the Director of Maintenance and to the Human Resources Generalist. Despite Thomas' reports, Defendant failed to take any disciplinary or corrective measures. Following the reports made, Thomas was socially isolated by coworkers and members of management. Some coworkers refused to speak to him. Additionally, following his report of offensive and discriminatory conduct, Thomas was assigned undesirable work assignments and instructed to work in less favorable working conditions. On multiple occasions, Thomas was assigned to perform cleaning and custodial duties outdoors during the colder months rather than performing his mechanic work indoors. Thomas was ultimately compelled to resign his position due to intolerable working conditions, and because the Defendant failed or refused to take remedial action to deter, prevent or correct further discriminatory conduct despite his concerns expressed to management about the hostile work environment.

15. Ricardo Barron worked as a Maintenance Mechanic at Defendant's Odessa, Texas location beginning in approximately September 2018. Barron, who is of Mexican national origin, worked as a Mechanic in both the field and at the shop. He frequently worked alongside Thomas.

White coworkers subjected Barron to harassment and discriminatory taunting and name-calling on a daily basis. Along with other discriminatory treatment, coworkers frequently referred to Barron using racial/national origin slurs such as "spic," "beaner" and "wetback." Barron objected to the slurs and reported the offensive comments to the Maintenance Director and Human Resources Generalist. Defendant, however, again failed or refused to take reasonable and effective responsive action to deter, prevent or correct the harassment or to facilitate a less discriminatory work environment for Barron or any other Hispanic employees.

16. Felix Santos began working as a Maintenance Mechanic at Defendant's Henderson, Colorado location beginning in approximately January 2017. He transferred to the same Odessa, Texas location at which Thomas and Barron worked in approximately March 2018. At the Odessa location, Santos was subjected to frequent discrimination and harassment by White coworkers. He was repeatedly subjected to name-calling and slurs by other employees based on his Hispanic race or national origin, including but not limited to such epithets as "wetback" and "spic."  On one occasion, a White mechanic said to Santos and another Hispanic employee: "I can't tell you guys apart, so you're Beaner 1 and you're Beaner 2." Santos also witnessed White workers use racial epithets to refer to Black employees on several occasions. Although Santos reported the discriminatory harassment that created a hostile work environment to the Human Resources Generalist, Defendant again failed or refused to take reasonable and effective responsive action to deter, prevent or correct the harassment or to facilitate a less discriminatory work environment for Barron or any other Black or Hispanic employees.

17. The effect of the practices complained of in paragraphs 11-16 above has been to deprive Carrington Thomas, Ricardo Barron, and Felix Santos of equal employment

**COMPLAINT**
Page 5

opportunities and otherwise adversely affect their status as employees because of their race and/or national origin.

18. The unlawful employment practices complained of in paragraphs 11-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 11-16 above were done with malice or with reckless indifference to the federally protected rights of Carrington Thomas, Ricardo Barron, and Felix Santos.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones racial and/or national origin harassment and a hostile work environment.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, irrespective of race and national origin and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Carrington Thomas by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including front pay or rightful place reinstatement.

D. Order Defendant to make whole Carrington Thomas, Ricardo Barron, and Felix Santos by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including but not limited

to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to make whole Carrington Thomas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 11-16 above, including, but not limited to, job search expenses, in amounts to be determined at trial.

F. Order Defendant to pay Carrington Thomas, Ricardo Barron, and Felix Santos punitive damages for engaging in discriminatory practices with malice or reckless indifference to their federally protected rights, as described in paragraphs 11-16 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

/s/ Robert A. Canino
ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Assistant Regional Attorney
Texas State Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas Bar No.  24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**
