IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 7:23-cv-100 |
| v. | ANSWER TO COMPLAINT AND JURY TRIAL DEMAND |
| LIBERTY ENERGY, INC. d/b/a LIBERTY OILFIELD SERVICES, L.L.C., | |
| Defendant. | |

Defendant Liberty Energy, Inc. d/b/a Liberty Oilfield Services, L.L.C., ("Defendant") by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby answers the Complaint ("Complaint", Dkt. #1) filed by Plaintiff, Equal Employment Opportunity Commission ("Plaintiff") on behalf of Carrington Thomas ("Thomas"), Ricardo Barron ("Barron") and Felix Santos ("Santos"), as follows:

### ANSWER TO NATURE OF THE ACTION

This unnumbered paragraph titled "Nature of the Action" contains legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 and asserts the claims set forth in the Complaint. Defendant denies those claims have any merit or that Plaintiff is entitled to any relief requested. Defendant denies the remaining allegations in this unnumbered paragraph.

### ANSWER TO JURISDICTION AND VENUE

1. The allegations contained in this paragraph call for legal conclusions to which no

response is necessary. To the extent a response is necessary, Defendant admits that this Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345 and that Plaintiff purports to bring claims pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a but denies those claims have any merit.

2. Defendant admits that venue is proper in this Court, but denies the remaining allegations in this paragraph.

## ANSWER TO PARTIES

3. The allegations contained in this paragraph call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits the Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring actions under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) but denies the remaining allegations in this paragraph.

4. Defendant admits it does business in the State of Texas and the City of Odessa but denies it has been "continuously" doing business in Texas and Odessa without any temporal limits in the allegation. Defendant admits it has at least 15 employees but denies it has "continuously" employed at least 15 employees without any temporal limits in the allegation.

5. The allegations contained in this paragraph call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits the allegations in this paragraph but denies it has "continuously" been an employer engaged in an industry affecting commerce under the identified statutes without any temporal limits in the allegation.

## ANSWER TO ADMINISTRATIVE PROCEDURES

6. Defendant admits Thomas filed a charge with the Commission. Defendant states that the charge speaks for itself and denies any inaccurate or inconsistent characterizations of the same. Defendant further denies the charge had any merit, and denies the remaining allegations in this paragraph.

7. Defendant admits the Commission issued Defendant a Letter of Determination on March 8, 2022. Defendant states the Letter of Determination speaks for itself and denies any inaccurate or inconsistent characterizations of the same. Defendant denies the remaining allegations in this paragraph.

8. Defendant states that the referenced communications speak for themselves and denies any inaccurate or inconsistent characterizations of the same. Defendant denies the remaining allegations in this paragraph.

9. Defendant states that the referenced communication speaks for itself and denies any inaccurate or inconsistent characterization of the same. Defendant denies the remaining allegations in this paragraph.

10. The allegations contained in this paragraph call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in this paragraph.

## ANSWER TO STATEMENT OF CLAIMS

11. Defendant denies the allegations in this paragraph.

12. Defendant admits Thomas began working for Defendant in September 2018 at its Odessa, Texas location. Defendant also admits that in November of 2018, Thomas reported to

one of his supervisors that one of his coworkers used the N-word in Thomas's presence on one occasion. Defendant denies the remaining allegations in this paragraph.

13. Defendant denies the allegations in this paragraph.

14. Defendant admits Thomas lodged a complaint about a prank played on a Black coworker and that Thomas resigned from his position with Defendant. Defendant denies the remaining allegations in this paragraph.

15. Defendant admits Barron began working for Defendant in September 2018 at Defendant's Odessa, Texas location. Defendant lacks knowledge or information sufficient to form a belief about Barron's national origin. Defendant denies the remaining allegations in this paragraph.

16. Defendant admits Santos began working for Defendant in January 2017 at Defendant's Henderson, Colorado location and that Santos transferred to Defendant's Odessa, Texas location in March 2018. Defendant denies the remaining allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief sought in his "Prayer for Relief" paragraphs following Paragraph 19 of the Complaint.

Defendant denies each and every allegation not specifically admitted herein.

## ANSWER TO JURY TRIAL DEMAND

Defendant demands a trial by jury on all issues so triable.

**FIRST DEFENSE**

At all times, Defendant's actions were lawful, justified and made in good faith.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred because they fail to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's Complaint and each purported claim for relief therein is barred in whole or in part because Thomas, Barron, and/or Santos failed to exhaust administrative remedies.

**FOURTH DEFENSE**

Some or all of the claims alleged in Plaintiff's Complaint are barred by the applicable statute of limitations and/or laches.

**FIFTH DEFENSE**

Defendant did not act willfully in violation of Thomas, Barron, or Santos' protected rights, but acted reasonably and in good faith and not in reckless disregard of the law; therefore, Thomas, Barron, and Santos are not entitled to any award of punitive or exemplary damages.

**SIXTH DEFENSE**

Plaintiff's claims are or may be barred by Thomas, Barron, Santos and/or Plaintiff's failure to satisfy administrative prerequisites, to the extent that Thomas, Barron, and/or Santos' claims exceed the scope of Thomas' charge filed with the EEOC and/or to the extent the charge was not timely filed.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims are or may be barred by Plaintiff's failure to engage in

good faith conciliation efforts with Defendant.

### EIGHTH DEFENSE

Plaintiff's claims are not actionable because any damages to Thomas, Barron, and/or Santos were due in whole or in part to Thomas, Barron, and/or Santos' own actions, inaction, and/or the negligence or intentional acts of third parties.

### NINTH DEFENSE

To the extent Defendant discovers during the course of this action Thomas, Barron, and/or Santos engaged in conduct which would have warranted discharge under Company policy, Plaintiff's right to recover damages beyond the date of discovery will be cut off and Thomas, Barron, and/or Santos' relief will be limited under the after-acquired evidence defense.

### TENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Thomas, Barron, and/or Santos have failed to, and continue to fail to, act reasonably to mitigate their damages.

### ELEVENTH DEFENSE

Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to Plaintiff's alleged protected conduct, to the extent protected conduct is alleged.

### TWELFTH DEFENSE

Plaintiff's claims may be barred because Defendant promulgated and enforced its discrimination, harassment, and anti-retaliation policies, but Thomas, Barron, and/or Santos refused to effectively use these policies.

**THIRTEENTH DEFENSE**

Defendant cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

**FOURTEENTH DEFENSE**

Without conceding Thomas, Barron, and Santos have suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads all damage caps and/or limits on damages under all applicable state and federal laws.

**ADDITIONAL DEFENSES**

Defendant reserves the right to designate additional defenses as they become apparent through the course of, discovery, investigation or otherwise.

WHEREFORE, having fully answered and responded to the allegations in the Complaint, Defendant hereby requests that:

1. Each of Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable law; and

5. Defendant be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted this 29th day of August, 2023.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        *s/ Michael H. Bell*
        Michael H. Bell
        2000 South Colorado Boulevard
        Tower Three, Suite 900
        Denver, CO 80222
        Telephone: 303.764.6800
        Facsimile: 303.831.9246
        mike.bell@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2023, I electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINITFF'S COMPLAINT AND JURY TRIAL DEMAND** with the Clerk of Court using the CM/ECF system which shall electronically serve a true and accurate copy of the same upon counsel for Plaintiff by email as follows:

Gwendolyn Young Reams
Gwendolyn.Reams@eeoc.gov

Christopher Lage
Christopher.Lage@eeoc.gov

Robert A. Canino
Robert.Canino@eeoc.gov

Suzanne M. Anderson
Suzanne.Anderson@eeoc.gov

Joel Clark
Joel.Clark@eeoc.gov

*s/ Barbara J. Esquibel*
Barbara J. Esquibel, Paralegal