## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISION,**
  *Plaintiff,*

**v.**

**LIBERTY ENERGY, INC,**
  *Defendant.*

**MO:23-CV-00100-DC**

### CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and Defendant Liberty Energy, Inc. ("Defendant"). This Consent Decree" resolves the EEOC's claims in the above-referenced Civil Action No. 7:23-cv-00100-DC-RCG (the "Lawsuit"). EEOC's Lawsuit alleged that Defendant (1) discriminated against Carrington Thomas ("Thomas") because of his race in violation of Title VII by subjecting him to a hostile work environment, resulting in his constructive discharge, and (2) discriminated against Felix Santos ("Santos") and Ricardo Barron ("Barron") because of their race and/or national origin in violation of Title VII by subjecting them to a hostile work environment.

Thomas, Santos, and Barron are collectively referred to herein as the "Individuals" and singularly as an "Individual."

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms set forth in this Consent Decree. It is understood that this Consent Decree does not constitute an admission by Defendant of any violation of Title VII and

Defendant denies the allegations made by the EEOC and maintains that Defendant did not engage in any unlawful actions based on race and/or national origin.  This Decree shall not constitute an adjudication and/or finding on the merits of the case.

EEOC and Defendant agree to compromise and settle the disputed claims and the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

## <u>GENERAL TERMS</u>

1.     This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2.     This Consent Decree resolves all issues raised in EEOC Charge No. 453-2019-00790 (the "Charge").  EEOC waives further litigation of all issues raised in its Complaint and releases Defendant, their owners, investors, managers, officers, agents, successors, contractors, attorneys, and other persons in active concert of participation with Defendant. EEOC expressly reserves its right to litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

## <u>TERM AND SCOPE</u>

3.     Term:  The duration of this Consent Decree shall be two (2) years from the date of entry by the Court.

4.  Scope: The terms of this Decree shall apply to Defendant's Odessa, Texas location.

## INJUNCTIVE RELIEF

5.  During the term of this Consent Decree, Defendant, Liberty Energy, Inc., its managers, officers, agents, successors, and other persons in active concert or participation with Defendant; or any other person or entity acting on behalf of Defendant are enjoined from (I) engaging in any employment practice that discriminates in violation of Title Vil and (2) retaliating against any person because of opposition to any practice made unlawful pursuant to Title VII or who participates in any way in the filing, investigation, litigation, or resolution of any complaint of discrimination.

## MONETARY RELIEF

6.  Defendant agrees to pay a sum total of $265,000 in monetary relief to resolve the claims in this case. The EEOC agrees to present to Defendant and its legal counsel the specific amounts to be distributed and the allocations of back wages and/or non-wage damages within ten (10) days after the effective date of the Consent Decree. Payments shall be made by Defendant directly to the Individuals within fourteen (14) days after the EEOC provides to Defendant written notice of the amounts, allocations, and mailing addresses. Within ten (10) days after the checks have been sent, Defendant shall send to the undersigned counsel via email an electronic copy of the checks and proof of their delivery.

7.  The EEOC may be required to report the fact of this settlement to the Internal Revenue

Case 7:23-cv-00100-DC-RCG   Document 16   Filed 04/30/24   Page 4 of 16

Service under Section 162(t) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the IRS. For purposes of issuing the 1098-F form: Defendant's EIN is: 81-4891595 . The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

> Name: Tracee Quinnell
> Physical Address: 950 17th Street #24, Denver, CO 80202

8.   Defendant will not condition the receipt of Individual monetary relief upon an agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive the Individuals' statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities, except that the Individuals shall execute the releases attached to this Decree as Attachments B, C, and D, respectively.

9.   The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the 1098-F form does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Consent Decree qualify for a deduction under the Internal Revenue Code.

## NON-MONETARY RELIEF

10.   Within ninety (90) days of the effective date of this Consent Decree, Defendant shall develop a protocol for all human resources and management personnel to effectively respond to reports of discrimination. The protocol shall include the following:

(a)   Defendant agrees to acknowledge in writing receipt of the complaint to the employee along with a written explanation of expected next steps:

(b)   Upon any report of discrimination and/or harassment at any of Defendant's locations, the local Human Resources official and/or supervisor to whom the report was made, shall advise Defendant's corporate Human Resources office, Vice- President of Human Resources and Chief Legal Officer of the report of discrimination and/or harassment;

(c)   Defendant agrees that the local Human Resources official will initiate an investigation into the report of discrimination;

(d)   Defendant agrees that the local Human Resources official will advise Defendant's corporate Human Resources office, Vice-President of Human Resources and Chief Legal Officer of the results of the investigation, and what action(s) is taken in response to the report of discrimination and/or harassment.

(e)   Defendant agrees to document the investigation, including substantive notes, a report and statements taken of witnesses will be included in a file to which the Defendant's corporate Human Resources Office, Vice-President of Human Resources and Chief Legal Officer are given access;

(f)   recording the outcome of investigations or decisions related to said complaints, and

(g)   reporting the outcome to the complaining employee, without divulging to said employee any confidential personnel information.

This protocol shall be added to Defendant's Employee Handbook. Defendant shall report compliance to EEOC within thirty (30) days of the creation and distribution of this protocol.

11.   Within 45 days of the effective date of this Consent Decree, Defendant shall develop

a 1-800-hotline for reporting acts of discrimination and/or harassment. All reports of discrimination and/or harassment made via this hotline shall be made known to Defendant's corporate Human Resources and Legal offices. The Defendant's policy shall further be revised to require that Defendant will initiate an investigation into any report of discrimination made via the hotline, advising Defendant's corporate Human Resources and Legal offices of the results of the investigation, and what action(s) is taken in response to the report of discrimination and/or harassment.

12. Within 120 days after the effective date of the Consent Decree, Defendant shall distribute the revised Employee Handbook to all employees. Defendant shall report compliance to EEOC within thirty (30) days of the initial distribution of the amended handbook. During the term of this Consent Decree, Defendant shall distribute this policy to all new employees and review it with them at the time of hire.

13. Within 45 days of the effective date of this Consent Decree, Defendant shall electronically distribute the Notice appended hereto as Exhibit A to all employees, including any new employees hired during the duration of this Consent Decree. Defendant shall also post a paper copy of the Notice in a location where it is visible to all employees. The Notice shall remain posted during the term of this Consent Decree. Within ten (10) days of distribution and/or posting, whichever is later, Defendant shall notify EEOC that the Notice has been electronically distributed and posted pursuant to this provision.

14. Defendant shall impose discipline -- up to and including termination, suspension without pay or demotion -- upon any employee, including any supervisor, human

resources employee, or manager who is found by reasonable evidence to have engaged in discrimination on the basis of race and/or national origin, or permitted any such conduct to occur in his or her work area or among employees under his or her supervision.  Defendant shall communicate this policy to all of their human resources employees, supervisors, and managers.

15.    Defendant shall advise all managers and supervisors of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against discrimination on the basis of race and national origin, and to report any incidents and/or complaints of discrimination, on the basis of national origin of which they become aware directly to corporate Human Resources.

16.    Within ninety (90) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, Defendant agrees to conduct annual training for all employees (including all human resources, supervisory, and managerial staff who have responsibilities over Defendant's employees), advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964.  This training shall include the subjects of: a.) what constitutes race and national origin harassment; b.) how to prevent race and national origin harassment; c.) how to provide a work environment free from race and national origin harassment; d.) and to whom and by what means employees may complain if they feel they have been subjected to race and national origin harassment in the workplace. This annual training will also advise employees of the consequences imposed upon Defendant for violating Title VII. This annual training shall also include a discussion of the disciplinary actions that may be taken

against supervisors, managers, directors, and employees who: 1.) commit acts of race and/or national origin harassment; 2.) fail to properly and promptly act on complaints/reports of race and/or national origin harassment; 3.) fail to properly and promptly act on observations of conduct that may rise to the level of race and/or national origin harassment; or 4.) otherwise allow race and/or national origin harassment in the workplace. The training will also include a specific discussion or instruction relating to Defendant's policies regarding the reporting requirements regarding complaints of harassment and the appropriate investigation of national origin harassment claims. No less than thirty (30) days after each such training session is conducted. Defendant agrees to give written notice to the EEOC as to: (i) the date and location of the training; (ii) the name of the person providing the training; (iii) a list of the employees attending the training; and (iv) the substance of the training.

17.  Defendant agrees to report to EEOC future complaints of racial discrimination and harassment on a semi-annual basis during the term of the Consent Decree.

18.  Defendant agrees to segregate any of the EEOC charge documents relating to this case in a separate file. virtual or physical, with Defendant's legal counsel.

19.  Defendant agrees that if it receives any inquiry about an Individual from a potential employer, it will provide only verification of employment dates and positions. Defendant agrees it will not reference the matters arising under or relating to any charges of employment discrimination and/or this lawsuit.

20.  Neither EEOC nor Defendant shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms.

or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either party. Nothing in this Consent Decree shall be construed to preclude EEOC from enforcing this Consent Decree in the event that Defendant fail to perform the promises and representations contained herein. EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court for the Western District of Texas and will reserve the right to seek costs related to any efforts to secure such compliance.

21.     All reports or other documents sent to EEOC by Defendant pursuant to this Consent Decree shall be sent electronically by email to Senior Trial Attorney Joel Clark at joel.clark@eeoc.gov and dallas.legal@eeoc.gov. Any communication from EEOC to Defendant pursuant to or regarding this Consent Decree shall be sent electronically by email to Michael Bell, Ogletree Deakins at mike.bell@ogletree.com. If at any time during the term of this Consent Decree, Defendant's designated point of contact changes, Defendant shall notify EEOC and provide the name, job title, and electronic mail address for a new designated point of contact within 10 days of the change.

22.     The terms of this Consent Decree shall be binding upon the Defendant, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

23.     The effective date of this Consent Decree shall be the date when it is signed and filed by the Court.

24.     Each party shall bear its own costs, including attorneys' fees incurred in this action.

The Clerk of the Court is **ORDERED** to **CLOSE** the case.

It is so **ORDERED**.

SIGNED this 30th day of April, 2024.

_____

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND CONTENT

On this __17ᵗʰ__ day of April, 2024.

*Attorneys for Plaintiff*

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


SUZANNE M. ANDERSON
Assistant Regional Attorney
Texas State Bar No. 14009470


JOËL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425


Equal Employment Opportunity Commission
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3609

*Attorney for Defendant*

Michael H. Bell
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
Texas State Bar No. 24040504

11

**ATTACHMENT A**

**NOTICE TO ALL EMPLOYEES**

**This NOTICE will be conspicuously posted for a period of two (2) years in all places where employment notices are posted.** It **must not be altered, defaced, or covered by any other material.**

**POLICY:** It is the policy of Liberty Energy, Inc. that discrimination is unacceptable and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on harassment and to reiterate Liberty Energy, Inc. policy on harassment.

**SCOPE:** This policy extends to all employees of Liberty Energy, Inc., LLC, both management and non-management.

**DEFINITION:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors. Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age. Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. Offensive conduct may include, but is not limited to, offensive jokes, slurs, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Liberty Energy, Inc. or to the Human Resources Department. The Human Resources Department may be contacted at human.resoures@libertyenergy.com or by telephone at 1-800-916-7037. Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify the Human Resources Department.

**Equal Employment Opportunity Commission**

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (972)-918-3580. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Liberty Energy, Inc. The investigation may include interviews,

inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Liberty Energy, Inc. will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Liberty Energy, Inc. will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO (2) YEARS.**

Signed this _____ day of _____, 2024.

_____

On Behalf of:
Liberty Energy, Inc.

**<u>ATTACHMENT B</u>**

      In consideration for the monetary consideration paid to me by Liberty Energy, Inc. ("Liberty") in connection with the resolution of *EEOC v. Liberty Energy. Inc. d/b/a Liberty Oilfield Services. LLC,* Civil Action No. 7:23-cv-00100-DC-RCG (the "Lawsuit"), I, Carrington Thomas, waive my right to recover for any claim of discrimination or retaliation including such claims under Title VII of the Civil Rights Act of 1964 that I had against Liberty prior to the date of this release and/or that were included or could have been included in the claims alleged in the Lawsuit.

**<u>Signature</u>**_____

**<u>Date</u>**_____

14

## **ATTACHMENT  C**

      In consideration for the monetary consideration paid to me by Liberty Energy, Inc. ("Liberty") in connection with the resolution of *EEOC v. Liberty Energy, Inc. d/b/a Liberty Oilfield Services, LLC,* Civil Action No. 7:23-cv-00100-DC-RCG (the "Lawsuit"), I, Felix Santos, waive my right to recover for any claim of discrimination or retaliation including such claims under Title VII of the Civil Rights Act of 1964 that I had against Liberty prior to the date of this release and/or that were included or could have been included in the claims alleged in the Lawsuit.

**Signature**_____

**Date**_____

15

## <u>ATTACHMENT D</u>

In consideration for the monetary consideration paid to me by Liberty Energy, Inc. ("Liberty") in connection with the resolution of *EEOC v. Liberty Energy, Inc. d/b/a Liberty Oilfield Services, LLC,* Civil Action No. 7:23-cv-00100-DC-RCG (the "Lawsuit"), I, Ricardo Barron, waive my right to recover for any claim of discrimination or retaliation including such claims under Title VII of the Civil Rights Act of 1964 that I had against Liberty prior to the date of this release and/or that were included or could have been included in the claims alleged in the Lawsuit.

**Signature** _____

**Date** _____

16